UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 0 1 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 04-35131 |
|---|---|
| Plaintiff - Appellee, | D.C. Nos. CV-98-00072-JKS |
| v. | CV-98-00098-JKS |
| 191.07 ACRES OF LAND, | ORDER |
| Defendant, | |
| and | |
| MILAN MARTINEK, | |
| Defendant - Appellant. | |

RECEIVED
SEP 1 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Before: FARRIS, LEAVY, and RYMER, Circuit Judges.

On February 4, 2000 the parties entered into a stipulation that "the dates of taking to be used for determining the amount of just compensation that the United States is to pay for the taking of all of the mining claims at issue" shall be January 31, 1992 for the Little Audrey and Alder Claims and September 8, 1995 for the Yellow Pup Claims. The stipulated date is later than the date of regulatory taking asserted by Martinek in his inverse condemnation action, June 1, 1987, but earlier than March 10, 1998, the date on which the United States commenced its direct

condemnation action, filed a declaration of taking, and deposited $91,000 estimated just compensation, thereby taking possession and title of the property. The meaning of the stipulation is not clear on its face. For example, the stipulation could arguably be interpreted as settling the date of a regulatory taking on the assumption that a direct taking occurred on March 10, 1998; or it could be interpreted as settling the date of taking on the assumption that only a single taking occurred. Other reasonable interpretations may also exist. The record is silent with respect to the parties' intent. Accordingly, we remand to the district court for the limited purpose of determining, at its earliest convenience, what the February 4, 2000 stipulation means, holding an evidentiary hearing if appropriate, and making findings of fact and conclusions of law.

The parties shall jointly advise this court when the district court has ruled, and provide a copy of its order. This panel shall retain jurisdiction over the appeal.

We vacate submission pending limited remand.

2

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP - 1 2006

by: [signature]
Deputy Clerk