Lawrence V. Albert
Attorney at Law
P.O. Box 200934
Anchorage, Alaska 99520
Tel: (907) 243-2172

Michael J. Platts
Attorney at Law
122 S. Chelan Street Ste. "C"
Wenatchee, Washington 99801
Tel: (509) 664-1234

Attorneys for Plaintiffs in Case Nos.
Nos. F98-0006 CV and F99-0023 CV

Dean K. Dunsmore
U.S. Dept. of Justice
Environment & Natural Resources Division
801 "B" Street Ste. 504
Anchorage, Alaska 99501
Tel: (907) 271-5452

Attorney for defendant in Case
Nos. F98-0006 CV and F99-0023 CV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARNOLD E. HOWARD, et al, ) | |
| ) | No. F98-0006-CV (JKS) |
| Plaintiffs, ) | (consolidated) |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | **PROPOSED PRETRIAL ORDER** |

PROPOSED PRETRIAL ORDER
Howard\Taking--CreekClaims\TrialTaking.ProposedOrder            1

EXHIBIT A
Page 1 of 17

Pursuant to the court's Order setting forth pretrial procedures filed on September 22, 1999 (Docket No. 131, Case F98-0006), the parties jointly submit the following Proposed Pretrial Order in these consolidated proceedings to be discussed and considered at the Final Pretrial Conference set for January 6, 2000.

### I. Parties

1) Arnold E. Howard is a party plaintiff in Cases F98-0006 CV and F99-0023 CV. Howard is a resident of El Paso, Texas.

2) Kathleen King as Personal Representative of the Estate of Arley R. Taylor is a party plaintiff in Cases F98-0006 CV and F99-0023 CV. King is a resident of the State of Alaska.

3) Pauline McDonald as Personal Representative of the Estate of Elizabeth N. Taylor is a party plaintiff in Cases F98-0006 CV and F99-0023 CV. McDonald is a resident of East Wenatchee, Washington.

4) Wayne Copely as Heir to the Estate of Elizabeth N. Taylor is a party plaintiff in Cases F98-0006 CV and F99-0023 CV. Copely is a resident of Vancouver, Washington.

5) Milan Martinek is a party defendant in Case No. A98-0072 CV, and a party plaintiff in Case No. A98-0098. Martinek is a resident of Palmer, Alaska.

6) 191.07 Acres of Land, More or Less, situated in Denali Borough, State of Alaska, is an *in rem* party defendant in Case No. A98-0072.

LAWRENCE V. ALBERT
Attorney at Law
P.O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

7) The United States is a party defendant in Case Nos. F98-0006 CV, F99-0023, and A98-0098 CV, and party plaintiff in Case No. A98-0072 CV.

## II. Jurisdiction

Plaintiffs assert jurisdiction in Cases F98-0006 CV and F99-0023 CV alternatively through Section 120, Pub.L.No. 105-83 ("Section 120 legislation"), Section 11 of the Mining in the Parks Act ("MPA"), 16 U.S.C. § 1910, and Section 1302(a) of the Alaska National Interest Lands Conservation Act ("ANILCA"), 16 U.S.C. § 3192(a). Plaintiffs in Case No. A98-0098 CV assert jurisdiction under the MPA and ANILCA.

The United States does not deny jurisdiction under Section 120 of Pub.L.No. 105-83, nor MPA § 11. The United States' recognition of jurisdiction under the Section 120 legislation does not include jurisdiction under that act for takings other than for a legislative taking by operation of Section 120 on February 12, 1998. The United States denies jurisdiction exists under ANILCA § 1302(a) for purposes of asserting a taking through "acquisition otherwise" of NPS' enabling authority.

Jurisdiction in Case No. A98-0072 is grounded on 40 U.S.C. § 257, the Declaration of Taking Act ("DTA"), 40 U.S.C. § 258a, *et seq*, and 28 U.S.C. § 1358, among other authorities. *See* Complaint in Condemnation ¶ 2, Case No. A98-0072, and Exhibit A thereto. There is no dispute regarding this court's jurisdiction in Case No. A98-0072 to award just compensation for a taking which occurred on March 10, 1998.

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

### III. Schedule of Trial

Trial in these consolidated actions is set for February 7, 2000, with ten days trial time reserved by the court. Trial will be to the court with no jury.

### IV. Nature of Action

These consolidated actions concern condemnation as well as alleged legislative and/or regulatory taking of mining claims in the Kantishna Hills of Denali National Park and Preserve.

Full title and interest in the mining claims subject of Case Nos. F98-0006 and F99-0023 have voluntarily vested in the United States pursuant to the Section 120 legislation. Plaintiffs in these cases seek just compensation for the "legislative taking" of their property pursuant to the Section 120 legislation. Plaintiffs in these cases assert a past date of taking whereas the United States asserts the only date of taking allowed under plaintiffs' Section 120 claim is February 12, 1998. The parties dispute just compensation due for taking of the several mining claims, but that issue is not presently before the court.

Plaintiffs in Case Nos. F98-0006, F99-0023, and A98-0098 separately assert a regulatory taking, also known as inverse condemnation, of their mining claims pursuant to the MPA. Plaintiffs contend their mining claims were taken in the past due to NPS' exercise of police power. The United States denies any taking by inverse condemnation. Plaintiffs in Case No. F98-0006 and A98-0098 additionally assert a taking through "acquisition otherwise" of NPS enabling authority. Plaintiffs in Case

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

PROPOSED PRETRIAL ORDER
Howard\Taking--CreekClaims\TrialTaking.ProposedOrder       4

F99-0023 have moved to amend their pleadings to incorporate this claim for relief. The United States denies any taking through "acquisition otherwise" and contends jurisdiction does not lie in this court for any such claim.

Defendants in Case No. A98-0072 asserts a regulatory taking through objection incorporated in the Answer filed in that case. Case No. A98-0072 sounds in direct condemnation and declaration of taking by the United States. In that case, the United States contends the only date of taking allowed is the date of filing of that action (March 10, 1998), including a declaration of taking and deposit of funds into court. Condemnation defendants in Case A98-0072 contend a past date of taking may be allowed. The parties dispute the amount of just compensation due for the taking, however that issue is not presently before the court.

Federal law governs all issues joined in the four consolidated actions before the court.

### V. Legal Issues Already Decided by the Court.

No substantive legal issues have been decided by the court in any of the four cases now consolidated for trial on date of taking issues.

The court declined to rule as a matter of law on a motion to dismiss brought by the United States in Case No. A98-0098. The United States contended Martinek was barred from asserting an earlier date of taking due to doctrine of *res judicata*, and that the court lacked jurisdiction to hear a taking claim grounded on "acquisition otherwise" authority in ANILCA. Martinek contended that prior dismissal

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

of his action in the Court of Claims with prejudice was not intended to be conclusive of further takings litigation regarding the subject property and that ANILCA's acquisition authority could be construed *in pari materia* with MPA's waiver of sovereign immunity for regulatory taking. The court ruled there were questions of fact on the United States' motion to dismiss and therefore denied the motion.

Certain procedural and discovery issues have been decided. These include:

1) These cases were separately docketed as Case Nos. F98-0006 CV, F99-0023 CV, A98-0072 CV, and A98-0098 CV when filed. However, the parties have agreed and the court has ordered formal case consolidation for purposes of trial on date of taking issues only.

2) During initial planning and scheduling activity for the separately docketed cases, the parties agreed and the court ordered that trial would be bifurcated between date of taking and valuation. Thus, the parties are to proceed to trial on date of taking, and only when the court makes a formal determination on date of taking will proceedings on valuation commence. The parties have separately agreed and the court has ordered that discovery on valuation issues, with the exception of expert discovery, may commence prior to formal determination on date of taking.

3) The court has granted plaintiffs' motion to compel discovery for the purposes of sampling the former mining claims for mineral reserves. This issue goes to valuation and does not pertain to date of taking.

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

PROPOSED PRETRIAL ORDER
Howard\Taking--CreekClaims\TrialTaking.ProposedOrder        6

EXHIBIT _A_
Page _6_ of _17_

## VI. Joint Statement of Issues

In Cases F98-0006 and F99-0023 brought pursuant to the Section 120 legislation, plaintiffs contend their mining claims were taken at alternative dates in the past. The United States contends the date of taking under plaintiffs' Section 120 claim is February 12, 1998. The United States also denies that any taking occurred prior to February 12, 1998.

In Cases F98-0006, F990023, and A98-0098, plaintiffs separately contend a regulatory taking occurred pursuant to jurisdictional authority provided in the MPA, 16 U.S.C. § 1910. The same alternate dates of taking as proposed under the Section 120 legislation are proposed in the regulatory taking asserted under the MPA. The United States denies any regulatory taking occurred because plaintiffs did not submit an administratively complete plan of operations pursuant to applicable regulations, and the National Park Service never denied a plan of operations on the merits; therefore, plaintiffs' MPA taking claim fails according to the prudential ripeness and exhaustion of administrative remedies defenses. In response, plaintiffs contend that resort to finality in administrative adjudication is excused according to the futility exception recognized in regulatory takings law, hence, it would have been an exercise in futility for plaintiffs to obtain a formal denial on one or more of their plans of operation submitted to the NPS.

In Cases F98-0006 and A98-0098, plaintiffs thirdly contend their mining claims were taken through "acquisition otherwise" of NPS' enabling authority under

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

ANILCA. In Case F99-0023 plaintiffs have moved to amend their pleadings to incorporate this third takings claim. As with their claims grounded on the Section 120 legislation or the MPA, plaintiffs propose alternate dates for past taking. The United States denies any taking through "acquisition otherwise" on jurisdictional grounds because the United States has not waived its sovereign immunity to suit in this court to any taking under or by operation of ANILCA. In response, plaintiffs contend that MPA and ANILCA can be construed *in pari materia* with regard to waiver of sovereign immunity provided in the MPA, and that Congress waived its sovereign immunity in ANILCA by authorizing condemnation as a method of property acquisition.

In Case A98-0072, the United States contends that Martinek's mining claims were taken upon date of filing its Complaint in Condemnation. Martinek denies this date of taking and contends an earlier date of taking pursuant to NPS' exercise of police power over his mining claims. The United States objects that Martinek as condemnation defendant may not assert an earlier date of taking because sovereign immunity has not been waived. The United States additionally objects the DTA as well as Rule 71A, Fed.R.Civ.Proc., bar any affirmative defenses or counterclaims by a condemnation defendant. Martinek disagrees according to authorities previously briefed to the court.

### VII. Stipulated Statement of Facts

The parties believe that stipulated facts will be identified before trial but have not had the time to address this item. Three potential topics of stipulated facts are

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

1) regulatory and mining activity on the claims prior to imposition of the 1985 court injunction, 2) procedural history in Case J85-006 CV which brought about the injunction, including various orders entered by the court and the NPS' process of compliance with the injunction, and 3) administrative record of applications for plans of operation on the claims subject of this consolidated proceeding, the NPS' processing and response thereto, along with correspondence generated between the parties pertaining to the plan submittals.

The parties propose additional time to generate their stipulated facts in order that this task can be performed thoroughly and carefully with the end of simplifying issues for trial.

### VIII. Contested Issues of Fact and Law

A. **Issues of Material Fact to Be Tried and Decided:**

The parties note the following issues of material fact may be considered mixed questions of fact and law.

**Issue 1:** Whether plaintiffs submitted a "meaningful application" for a plan of operations to the National Park Service?

**Plaintiffs Contend:** That they submitted one or more meaningful applications for a plan of operations to NPS.

**Defendant Contends:** That plaintiffs failed to submit a meaningful application for a plan of operations to NPS; therefore, the Park Service never denied a plan of operations submitted under the MPA.

**Issue 2:** Whether plaintiffs were subjected to extraordinary delay in the NPS' review of a plan of operations such that a regulatory taking occurred.

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

| | | |
|---|---|---|
| | **Plaintiffs Contend:** | Plaintiffs were subjected to extraordinary delay that supports a taking. |
| | **Defendant Contends:** | Any delay visited upon plaintiffs was caused in part by plaintiffs' actions and inactions and constituted normal governmental decision making which does not give rise to a compensable taking. |

**Issue 3:** Did the NPS intentionally frustrate plaintiffs' property rights such as to support a taking through the futility exception?

    **Plaintiffs Contend:** NPS prolonged the process of decision making and avoided making a merits based determination on a plan of operation for the purpose of preventing takings liability

    **Defendant Contends:** NPS did not deliberately delay or prolong the administrative process and its actions constituted normal decision making which does not give rise to takings liability.

**Issue 4:** Did NPS employees act within the scope of their authority in either intending a taking or effectuating a condemnation of their mining claims?

    **Plaintiffs Contend:** NPS employees acted within the scope of their authority to either intend a taking or effectuate a condemnation of their mining claims.

    **Defendant Contends:** NPS employees did not intend a taking or effectuate a condemnation of plaintiffs mining claims. Any statements or writings attributable to the NPS on such topics were without authority and not binding against the government. A taking does not occur by reason of governmental officials acting outside of the scope of their authority.

**Issue 5:** If a taking occurred in the past, what is the date of taking for each of plaintiffs' mining claims?

    **Plaintiffs Contend:** That a taking occurred alternatively on:

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

  1) April 3 or June 1, 1987, due to NPS' refusal to process plans of operation during the injunction;
  2) July 5 or August 21, 1990, when the NPS announced its Kantishna mining claim acquisition program;
  3) January 2, 1991, when the court injunction was lifted and NPS was authorized to approve plans of operation;
  4) May 3, 1991, when NPS Regional Director denied the KLK, Inc. plan of operations on Caribou Creek; or,
  5) Sept. 1995, when the NPS approved a Statement for Management for Denali Park.

**Defendant Contends:** No taking occurred on any date other than February 12, 1998, with regard to the mining claims in Case Nos. F98-0006 and F99-0023, and March 10, 1998, with regard to the mining claims subject of Case No. A98-0072 and A98-0098.

 B. **The Following are the Issues of Law to Be Tried and Decided:**

**Issue 1:** Whether obtaining a NPS final determination on one or more of plaintiffs' applications for a plan of operations was an exercise in futility?

 **Plaintiffs Contend:** Obtaining a final NPS determination on a plan of operation submitted on plaintiffs' mining claims was an exercise in futility according to either the prudential ripeness doctrine or exhaustion of administrative remedies.

 **Defendant Contends:** Obtaining a final NPS determination on a plan of operation submitted on plaintiffs' mining claims was not an exercise in futility and was in any event required by applicable law.

**Issue 2:** Whether a taking of plaintiffs' mining claims occurred through an "acquisition otherwise" pursuant to NPS enabling authority?

 **Plaintiffs Contend:** NPS effectuated a taking of plaintiffs' mining claims through its promulgation of the Kantishna Resource Management Plan and its Record of Decision on the

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

PROPOSED PRETRIAL ORDER
Howard\Taking--CreekClaims\TrialTaking.ProposedOrder  11

EXHIBIT A
Page 11 of 17

|  |  |
|---|---|
|  | Final EIS according to "acquisition otherwise" condemnation authority in either the MPA or ANILCA. |
| **Defendant Contends:** | NPS did not effectuate a taking of plaintiffs' mining claims through its promulgation of the Kantishna Resource Management Plan and its Record of Decision assuming the jurisdictional defense fails as a matter of law. |

**Issue 3:** Whether any statute of limitations bars plaintiffs from asserting a past date of taking or limits the time period during which a past date of taking may be asserted?

> **Plaintiffs Contend:** Any statute of limitations was tolled by provision of the Appropriations Bill for Fiscal Year 1991.
>
> **Defendant Contends:** That plaintiffs in Case No. F98-0006 are barred by the statute of limitations from presenting any claim for a taking which occurred between January 2, 1991, and February 6, 1992; plaintiffs in Case No. F99-0023 are barred from asserting any claim for a taking which occurred between January 2, 1991, and August 20, 1993; and plaintiffs in Case No. A98-0098 are barred from asserting a claim for a taking which occurred between January 2, 1991, and April 2, 1992. The United States additionally contends the statute of limitations was not tolled.

**Issue 4:** Are plaintiffs prevented from asserting a taking during the period of the injunction?

> **Plaintiffs Contend:** The injunction *per se* does not immunize the government from takings liability; plaintiffs did not waive nor were they estopped from asserting a taking during the injunction due to their failure to intervene and seek affirmative relief from the court.
>
> **Defendant Contends:** The act of a judicial officer enjoining a regulatory agency from permitting property development does not give rise to a taking. Plaintiffs otherwise waived or are estopped from asserting a taking during the

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

injunction because they failed to intervene and seek affirmative relief from the injunction.

**Issue 5:** Whether Milan Martinek in Case A98-0098 is barred from asserting a past date of taking due to the doctrine of res judicata?

**Plaintiffs Contend:** Martinek is not prevented from asserting a past date of taking in Case A98-0098 because neither he nor the United States intended the dismissal with prejudice of his prior action in the Court of Claims to preclude further takings litigation.

**Defendant Contends:** Martinek is barred by the doctrine of res judicata from pursuing an earlier date of taking in Case A98-0098 because dismissal of his prior action was with prejudice and conclusive of his rights of inverse condemnation. The United States further contends that application of res judicata is strictly a question of law and that a decision can be made from the parties' filings in the Court of Federal Claims. The United States understands the court disagrees with its position on this issue.

C. **The Following Issues Appear to Be Strictly Legal and May Be Determined by the Court without Trial:**

**Issue 1:** Whether the court lacks jurisdiction to hear plaintiffs' taking theory of "acquisition otherwise" pursuant to ANILCA enabling authority.

**Plaintiffs Contend:** The court has jurisdiction because the "acquisition otherwise" authority in ANILCA may be construed *in pari materia* with MPA's waiver of sovereign immunity, and the United States waived its sovereign immunity to condemnation in ANILCA.

**Defendant Contends:** The MPA does not confer jurisdiction for a taking via "acquisition otherwise," and the United States did not waive its sovereign immunity to suit in this court to any taking under ANILCA.

**Issue 2:** Whether the Section 120 legislation authorizes plaintiffs recovery for a past date of taking in Cases F98-0006 and F99-0023?

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

PROPOSED PRETRIAL ORDER
Howard\Taking--CreekClaims\TrialTaking.ProposedOrder       13

EXHIBIT A
Page 13 of 17

| | | |
|---|---|---|
| | **Plaintiffs Contend:** | The Section 120 legislation authorizes recovery for a date of taking prior to the date of transfer of title, which is February 12, 1998. |
| | **Defendant Contends:** | Section 120 authorizes a legislative taking for those property owners who consent to participate, and this date of taking is fixed at February 12, 1998. The Section 120 legislation does not confer jurisdiction for any taking prior to February 12, 1998. |
| **Issue 3:** | Whether condemnation defendants in Case A98-0072 may assert a past date of taking?[1] | |
| | **United States Contends:** | A condemnation defendant may not assert a past date of taking from the date of commencement of the action because this constitutes either an affirmative defense or counterclaim that is prohibited under the Declaration of Taking Act and Rule 71A, Fed.R.Civ.Proc. Also, the United States has not waived its sovereign immunity to a past date of taking in authorizing a condemnation action. |
| | **Martinek Contends:** | Condemnation defendants may assert a past date of taking without running afoul of the bar against affirmative defenses or counterclaims under the Declaration of Taking Act or Rule 71A, Fed.R.Civ.Proc. The Supreme Court has recognized a past date of taking in direct condemnation actions. |

### IX. Exhibits

The parties' Final Exhibit Lists separately filed with the court are reproduced herein.

---

[1] Recall the posture of the parties is reversed in Case No. A98-0072: The United States as condemnor is plaintiff; Milan Martinek and 191.07 Acres of Land, More or Less, as condemnees are defendants. *See supra* statement of Parties, Part I ¶¶ 5-7.

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

PROPOSED PRETRIAL ORDER
Howard\Taking--CreekClaims\TrialTaking.ProposedOrder         14

EXHIBIT A
Page 14 of 17

and Preserve
P.O. Box 439
Copper Center, Alaska 95573

Mr. Rosenkrans might be called to testify with regard to the approval of mining plans of operation in the Wrangell-St. Elias National Park and Preserve.

18. Betty James
    Department of the Interior
    1849 C Street, N.W.
    Room 2453
    Washington, D.C. 20240

Ms. James may be called to testify about the preparation by the National Park Service of the environmental impact statements required by the court in *Northern Alaska Environmental Center v. Hodel*.

19. Any and all witnesses identified by the plaintiffs.

20. Any other rebuttal witnesses as needed.

### XI. Effect of this Order

When finalized, this Proposed Pretrial Order shall supersede the pleadings and govern the course of trial of this cause, unless modified to prevent manifest injustice.

DATED at Anchorage, Alaska, this 15th day of December, 1999.

LAWRENCE V. ALBERT
Attorney at Law
Counsel for plaintiffs Arnold E. Howard, Kathleen King as Personal Representative of the Estate of Arley R. Taylor, and Pauline McDonald as Personal Representative of the Estate of Elizabeth N. Taylor, in Case Nos F98-0006 CV, and F99-0023 CV; also, co-counsel for defendants Milan

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

Martinek and 191.07 Acres of Land in Case Nos. A98-0072 CV and A98-0098 CV.

*[signature: Lawrence V. Albert]*

MICHAEL J. PLATTS
Attorney at Law
Counsel for Wayne Copely as Heir to the Estate of Elizabeth N. Taylor in Case Nos F98-0006 CV and F99-0023

By: *[signature]*
Lawrence V. Albert

ARTHUR E. NEUMAN
Law Office of Arthur E. Neuman
Co-Counsel for Milan Martinek and 191.07 Acres of Land in Case Nos. A98-007 and A98-0098

By: *[signature]*
Lawrence V. Albert

UNITED STATES DEPT. OF JUSTICE
Environment and Natural Resources Division
Counsel for defendants in Case Nos. F98-0006 CV, F99-0023 CV, and A98-0098 CV, and Counsel for plaintiff in Case No. A98-0072 CV

By: *[signature]*
Dean K. Dunsmore

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172

PROPOSED PRETRIAL ORDER
Howard\Taking--CreekClaims\TrialTaking.ProposedOrder        71

EXHIBIT A
Page 16 of 17

I HEREBY CERTIFY that on the 15th day of December, 1999, I caused to be served via U.S. First Class Mail, postage prepaid,, a copy of the foregoing upon:

Theresa L. Patrick, Esq.
U.S. Dept. Of Justice, Lands Acquisition Section
P. O. Box 541, Ben Franklin Station
Washington, D.C. 20044-0561

Mssr. Kyle W. Parker, Esq.
John C. Martin, Esq.
Patton Boggs LLP
1031 W. Fourth Ave. Fifth Floor
Anchorage, Alaska 99501

*Lawrence V. Albert*

LAWRENCE V. ALBERT
Attorney at Law
P. O. Box 200934
Anchorage, Alaska 99520
Fax: (907) 243-5476
(907) 243-2172
PROPOSED PRETRIAL ORDER
Howard\Taking--CreekClaims\TrialTaking.ProposedOrder    72

EXHIBIT A
Page 17 of 17