```
                                                    FILED

                                                    JAN 1 1 2000

                                                UNITED STATES DISTRICT COURT
                                                    DISTRICT OF ALASKA
                                            By_____ Deputy
```

MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

*Arnold Howard, et al. v. United States*
Case No. F98-0006 CV (JKS)
Consolidated

By:                THE HONORABLE JAMES K. SINGLETON

Deputy Clerk:      Patty Demeter, Case Management: 271-3235*

PROCEEDINGS:      ORDER FROM CHAMBERS

    Plaintiffs have filed a motion to amend the complaint in F99-0023 CV (JKS), one of the cases consolidated with this case.[1] *See* Docket No. 163. The motion is opposed and Plaintiffs have replied. *See* Docket Nos. 170 (opposition); No. 181 (reply). The Court has carefully reviewed the record and benefitted from a discussion with counsel at the final pre-trial conference in this case. Essentially, the dispute between the parties and the explanation for this motion concerns the availability of jury trial to determine fair compensation for the patented and unpatented mining claims at issue in these consolidated cases. Plaintiffs recognize that jury trial is not constitutionally required in condemnation cases but that where the government takes property in the exercise of its power of eminent domain the court may allow a jury trial. *See* 40 U.S.C. § 257; Fed. R. Civ. P. 71A. In contrast, where a landowner sues the government seeking damages for inverse condemnation, trial is to the court either in the court of claims pursuant to the Tucker Act, 28 U.S.C. §§ 1346, 1491, or if the amount in controversy is less than $10,000 or involved mining claims, trial is in district court, *see id.* § 1346(a)(2); 16 U.S.C. § 1910. Jury trial is not available in an inverse condemnation action against the United States despite a waiver of sovereign immunity. *See KLK, Inc,. v United States*, 35 F.3d 454, 458 (9th Cir. 1994).

    Plaintiffs reason, however, that a number of statutes read together provide a right to have a date of taking established by evidence in the nature of inverse condemnation but still

---

[1] Two sets of cases were consolidated in the present action. The first set is *Howard, et al. v. United States*, F98-0007 CV (JKS) and *Howard, et al. v. United States*, F99-0023 CV (JKS). The second set is *United States v. 191.07 Acres of Land, et al. v. United States*, No. 98-0072 CV (JKS) and *Martinek v. United States*, A98-0098 CV (JKS). While the United States instituted condemnation proceedings against the Martinek properties in *United States v. 191.07 Acres of Land, et al. v. United States*, No. 98-0072 CV (JKS), all private parties will be referred to as "Plaintiffs."

F:\HOME\JUDGES\DOCS\SHARED\CV\f98-0006.014.wpd

184

EXHIBIT *B*
Page 1 of 2

permit a jury trial. The Court has reviewed the authorities cited and finds no support for Plaintiffs' position. The cases sharply distinguish between "straight" or "traditional" condemnation on the one hand and inverse condemnation on the other. *See id.* at 455 n.1 & 457-58. In straight condemnation, the land is valued at the time the condemnation occurs; in inverse condemnation, the value is established at the time the government effectively takes possession of the property. *See id.* at 457. Therefore, it appears that if Plaintiffs are successful in showing an inverse condemnation, they must proceed pursuant to 16 U.S.C. § 1910 and no jury will be available to determine just compensation. Alternatively, if condemnation proceeds by the declaration of taking, then Federal Rule of Civil Procedure 71A will apply and a jury may determine just compensation.

**IT IS THEREFORE ORDERED:**

The motion to amend at **Docket No. 163** is **DENIED.**

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge.

DATE: January 10, 2000

\*   ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE INDICATED CASE MANAGER.
Any request for other information or for clarification, modification, or reconsideration of this order, or for extension of time must be made in the form of a motion. *See* FED. R. CIV. P. 7(b)(1); D. Ak. LR 7.1(l). No one should telephone, fax, or write to chambers regarding pending cases. The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

-0006--CV (JKS)

----------------------------------------------   2

L. ALBERT
D. DUNSHORE (AUSA)

EXHIBIT _B_
Page _2_ of _2_