FILED

JAN 2 2001

UNITED STATES DIST...
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>191.07 ACRES OF LAND, MORE OR LESS, SITUATED IN THE DENALI BOROUGH, STATE OF ALASKA, AND MILAN MARTINEK,<br><br>        Defendants. | Case No. A98-0072 CV (JKS)<br><br>O R D E R |

      The United States filed an action seeking to formally condemn certain unpatented mining claims in the Kantishna Hills. Since it used the declaration of taking procedure, it deposited a sum which it contended represented the fair market value of the property. Thereafter, the owner of the claims brought an inverse condemnation action arguing in essence, that the Government which at all relevant times has owned the fee, so exercised its proprietary and governmental powers as to deprive the owner of all economic value of his mining claims. The owner further alleged that this "inverse" condemnation occurred at a date in advance of the date of taking that would have been established by the declaration of taking.

      Eventually, the parties stipulated that an earlier date of taking should be used to determine just compensation. The Government, in reliance on the stipulated earlier date of taking, has moved to dismiss its action as essentially moot and asks for the return of its deposit. *See* Docket No. 163. The motion is opposed. *See* Docket No. 164. The Government has replied. *See* Docket No. 170. It appears that the Government's analysis is flawed. The declaration of taking vested title to the mining claims in the United States and in return the owner became entitled to

1

171

EXHIBIT D
Page 1 of 2

the deposit of just compensation, subject to a later order requiring restitution if the property taken is found to be worth less than the sum deposited. No such determination has been made.

Use of the declaration of taking does not prevent an earlier landowner, and by extension the owner at the time the declaration of taking was filed, from arguing that an inverse condemnation occurred at an earlier date, entitling the earlier land owner to compensation, or by extension, the current owner to compensation as of an earlier date. *See United States v. Dow*, 357 U.S. 17 (1958). The owner's argument, even if accepted by the Government in a stipulation to pick an earlier date of taking, does not moot the declaration of taking procedure. It is the declaration of taking, not the claim of inverse condemnation, that vested title in the United States and entitled the owner to the deposit. Only a determination that the owner's interest was less than the value of the property taken would entitle the Government to a return of a part of the deposit.

**IT IS THEREFORE ORDERED:**

The motion at **Docket No. 163** is DENIED.

Dated at Anchorage, Alaska, this ___ day of January 2001.

JAMES K. SINGLETON, JR.
United States District Judge

ORDER

A98-0072--CV (JKS)

L. ALBERT
D. DUNSMORE (AUSA)

2

EXHIBIT D
Page 2 of 2